IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,        Case No. 04 CR 763-03

    -vs-

                                           <ins>ORDER RE INTERIM</ins>

JEFFREY T. CLARK, et al.,            <ins>PAYMENT OF FEES</ins>

                Defendant.

KATZ, J.

This cause is before the Court on Adrian Cimmerman Esq.'s motion for interim fees. (Doc. No. 109) and Ann Baronas Esq.'s motion for interim fees (Doc. No. 110). Attorney Baronas was appointed November 5, 2004 and filed a motion to withdraw July 6, 2005 which was granted on October 18, 2005. Attorney Cimmerman was appointed October 19, 2005 and represented Defendant through the jury trial. Attorney Cimmerman filed a motion to withdraw on January 9, 2006. Subsequent to a hearing Attorney Cimmerman's motion to withdraw was granted on January 12, 2006. Thereafter Attorney Merle Dech was appointed on January 17, 2006. This defendant is scheduled to be sentenced on May 22, 2006. Anticipating hardship on counsel in undertaking representation for such a period without compensation, pursuant to paragraph 2.30 A of the <ins>Guidelines for the Administration of the Criminal Justice Act,</ins> the following procedures for one interim payment shall apply during the course of your representation in this case.

Counsel shall submit to the court clerk an interim CJA Form 20. This interim voucher shall be supported by detailed and itemized time and expense statements. Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act, outlines the procedures and rules for claims by CJA attorneys and should be followed regarding the interim voucher.

The Court will review the interim voucher when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid to two-thirds of the approved number of hours by the applicable rate. The Court will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, counsel shall submit a final voucher seeking payment of the one-third balance withheld from the earlier interim voucher, as well as payment for representation provided during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, the Court will submit it to the Chief Judge of the circuit or his delegate for review and approval.

Counsel shall attach a copy of this order to the interim voucher submitted.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE